UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINCLAIR WILLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, a government entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a government entity; SCOTT R. JONES, individually and in his official capacity as SACRAMENTO COUNTY SHERIFF; DAVID CUNEO, individually; ADAM TEDFORD, individually; and DOES 1 through 20, inclusive, individually, jointly, and severally,<br><br>　　　　Defendants. | No.  2:13-cv-01671-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Sinclair Willis ("Plaintiff") initiated this action against Defendants County of Sacramento ("County"), the Sacramento County Sheriff's Department ("Sheriff's Department"), Sheriff Scott Jones, and Officers David Cuneo and Adam Tedford (collectively "Defendants") seeking to recover for injuries Plaintiff suffered when he was shot during the course of a burglary.  In his Complaint, Plaintiff alleges violations of both state and federal law.  Presently before the Court are Defendants' two Motions to

///

Dismiss for failure to state a claim (ECF Nos. 6, 7).  For the following reasons, Defendants' Motions are GRANTED in part and DENIED in part.[1]

## BACKGROUND[2]

On January 27, 2012, at approximately 2:07 a.m., two Sacramento Sheriff's Deputies, Defendants Tedford and Cuneo, responded to an alarm at an "It's a Grind" coffee shop in Galt, California.  When Tedford and Cuneo arrived at the scene, they found Plaintiff burglarizing the shop.  According to Plaintiff, surveillance video shows that, as he attempted to flee, Cuneo discharged his firearm three times, striking Plaintiff once in the lower back and once in the buttocks.  The third shot missed.  Plaintiff, who was apparently carrying an axe at the time, alleges that he was not close enough to present a threat to Defendants and that the shooting was thus unjustified.  In post-incident interviews, however, Cuneo stated that he shot Plaintiff in defense of Tedford, because he believed Plaintiff was about to strike Tedford with the axe.  For his part, Tedford originally stated that he lost visual of Plaintiff, heard shots, and then heard Officer Cuneo state, "Show me your hands," "What's in your hands," and "Put it down." Tedford later clarified that he actually heard Officer Cuneo yelling prior to hearing the gunshots.  Id.

Plaintiff filed a claim with the County, which was later denied.  He subsequently filed his instant Complaint in state court, alleging causes of action under both state and federal law for: violation of his federal civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; violation of his state civil rights pursuant to Cal. Civ. Code §§ 52.1 and 51.7; as well as battery, negligence, intentional infliction of emotional distress, and negligent hiring, supervision and retention.  After removing the case to federal court

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint.  Exhibit to ECF No. 1.

pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, Defendants filed Motions to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD

When reviewing a motion brought under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not require detailed factual allegations. However, to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and

---

[3] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

     A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party. . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint. . . constitutes an exercise in futility . . . ")).

///

///

///

## ANALYSIS

Defendants move to dismiss the bulk of Plaintiff's causes of action for failure to state a claim.  More specifically, Officers Cuneo and Tedford and Sheriff Jones in his individual capacity ("the individual Defendants") seek dismissal of all claims, except the excessive force claim to the extent it is directed at Officer Cuneo, on grounds, very generally, that the individual Defendants are either immune or that the Complaint is factually deficient.  The County, the Sheriff's Department, and Sheriff Jones in his official capacity ("the entity Defendants")  argue that Plaintiff's claims against them are insufficient because: (1) the claims against the Sheriff's Department are duplicative and unnecessary; (2) the claims against Sheriff Jones are duplicative and insufficiently pled; and (3) the allegations against the County are insufficient to establish liability.

### A. Individual Defendants' Motion to Dismiss

#### 1. Fourth Amendment claim against Officer Tedford (First Cause of Action)

Defendants do not challenge Plaintiff's first cause of action for unreasonable search and seizure and excessive force against Defendant Cuneo.  Instead, they argue solely that this first cause of action fails as alleged against Defendant Tedford.

Liability may not be imposed under § 1983 without a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, to establish liability there must be evidence linking each individual officer to specific actions.  See Jones v. Williams, 297 F.3d 930, 936-37 (9th Cir. 2002) (finding that individual officers are not liable for misconduct solely for being present at the scene of an alleged unlawful act).

The crux of Plaintiff's case against Tedford is that he should have intervened to prevent Cuneo from shooting him.  ECF No. 1 at 7, 11.  "Police officers [do] have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."  Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).  However, a

police officer's duty to act is only triggered when an opportunity to do so arises. Id. Plaintiff alleges neither that Defendant Tedford participated in the shooting in any way nor that there was ever an opportunity for Tedford to intervene to prevent any harm to Plaintiff. Accordingly, Defendants' Motion is GRANTED with leave to amend as to Plaintiff's Fourth Amendment Cause of Action against Tedford.

### 2. Fourteenth Amendment claim against Officers Cuneo and Tedford (First Cause of Action)

In addition to the Fourth Amendment, Plaintiff also purports to bring his first cause of action under the Fourteenth Amendment. However, as Defendants point out, Plaintiff's Fourteenth Amendment claims are essentially duplicative of this Fourth Amendment cause of action. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 842 (1998); Graham v. Connor, 490 U.S. 386 (1989). Plaintiff does not oppose dismissal of these claims, and Defendants' Motion is thus GRANTED with leave to amend.

### 3. Conspiracy claim against Officers Cuneo, Tedford and Sheriff Jones (Second Cause of Action)

The individual Defendants next move to dismiss Plaintiff's conspiracy cause of action under § 1983 and § 1985 because Plaintiff has not alleged sufficient facts to establish his allegations that the Defendants conspired to violate his rights. Plaintiff does not oppose dismissal, and dismissal in this instance is proper because Plaintiff has included in his complaint only a boilerplate recitation of the elements of the cause of action, which is insufficient to survive a 12(b)(6) motion. Defendants' Motion is thus GRANTED with leave to amend.[4]

### 4. Monell claim against Sheriff Jones in his individual capacity (Third Cause of Action)

Defendants next contend that Plaintiff failed to state a claim for supervisory liability against Defendant Jones in his individual capacity. A valid claim for a Monell

---

[4] The entity Defendants' Motion to Dismiss this claim is also unopposed and is granted for the same reason, as set forth below. For clarity, however, the Court addresses each Motion separately.

1  violation under § 1983 seeks to "impose personal liability upon a government official for
2  actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165
3  (1985).  Generally, a claim against an individual would impose personal liability, while a
4  Monell claim will look to the underlying policy or custom as set by the governmental
5  entity.  See Monell, 436 U.S. at 690 n.55.  Because Plaintiff fails to state a proper Monell
6  claim against Defendant Jones, Defendants' Motion—which Plaintiff does not oppose—
7  is GRANTED with leave to amend.

### 5. Bane Act claim against Officers Cuneo and Tedford (Fourth Cause of Action)

10  Defendants contend that Plaintiff's claim under the Bane Act, Cal. Civ. Code
11 § 52.1, fails substantively because Plaintiff has not pled that any of the Defendants, by
12 threat, intimidation, or coercion, prevented Plaintiff from doing something he was
13 "lawfully permitted to do."  ECF No. 8 at 9-10.  The relevant portion of section 52.1
14 authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats,
15 intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by
16 federal or state law." Jones v. Kmart Corp., 17 Cal. 4th 329, 331 (1998).  Under the
17 statute, to prove a Bane Act violation, a plaintiff therefore must show that a defendant
18 attempted to, or did, "prevent the plaintiff from doing something that he had the right to
19 do under the law, or to force plaintiff to do something that he was not required to do
20 under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883
21 (2007).

22  Here, Plaintiff was neither within his rights to burglarize a coffee shop, nor was he
23 protected under the law to resist arrest.  Plaintiff argues instead that he maintained a
24 "right to be free from unreasonable search and seizure."  ECF No. 9 at 8.  However, a
25 violation of the Bane Act must include a "showing of coercion separate and apart from
26 the coercion inherent in an unlawful arrest." Bender v. County of Los Angeles, 217 Cal.
27 App. 4th 968, 979 (2013).  When an arrest is lawful, allegations must be made that
28 sustain a claim of threat, intimidation, or coercion outside those protected under the

Fourth Amendment search and seizure doctrine.  Id., at 978-80; see also Lanier v. City of Fresno, No. CV F 10–1120 LJO SKO, 2011 WL 149802, *1, *4-*5 (E.D. Cal. Jan. 18, 2011) (finding no Bane Act violation where plaintiff driving stolen vehicle and police officer shot him multiple times in the back while effectuating arrest).  In short, "not every wrongful detention is a violation of the Bane Act.  Nor . . . is every case of excessive force in the effectuation of an otherwise lawful arrest a violation of the Bane Act."  Bender, 217 Cal. App. 4th at 981.  As pled, Plaintiff fails to adequately set forth a violation of the Bane Act, and Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action is GRANTED with leave to amend as to Officers Cuneo and Tedford.

### 6. Ralph Act claim against Officers Cuneo and Tedford (Fifth Cause of Action)

Defendants also move to dismiss Plaintiff's Fifth Cause of Action under California Civil Code § 51.7 ("Ralph Act") because Plaintiff failed to allege facts showing that he was subjected to violence based on his race.  Under the Ralph Act, all persons in California have the right to be free from any violence, or intimidation by threat of violence, committed against their person on account of any characteristic listed in California Civil Code section 51(e) which expressly prohibits violence on account of race.  Austin B., 149 Cal. App. 4th at 880-81.  The required elements to sustain a Ralph Act claim are: "(1) [t]hat the defendant threatened or committed violent acts against the plaintiff or his or her property; (2) [t]hat a motivating reason for the defendant's conduct was his perception of the plaintiff; (3) [t]hat the plaintiff was harmed; and (4) [t]hat the defendant's conduct was a substantial factor in causing the plaintiff harm."  Id. (internal citations omitted).  Plaintiff alleges that Tedford's and Cuneo's actions were "motivated by prejudice."  However, Plaintiff fails to show any racial animus outside of claiming that he was "recognizable" as being African-American, which would be a "motivating reason" for Cuneo's actions.  This fact alone, without more, is insufficient to state a claim under the Ralph Act.  Accordingly, Defendants' Motion to Dismiss Plaintiff's Fifth Cause of Action is GRANTED with leave to amend as to both Officers Tedford and Cuneo.

### 7. Battery against Officers Cuneo and Tedford (Sixth Cause of Action)

Defendants contend that Plaintiff's Complaint fails to allege facts sufficient to state a claim for battery against Defendant Tedford.  At a minimum, a claim of battery against an officer must show that "(1) [the] defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) [the] plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [the] plaintiff."  Brown v. Ransweiler, 171 Cal. App. 4th 516, 527 (2009). Plaintiff's Complaint lacks allegations showing that Defendant Tedford took any action resulting in contact, injury, or damage to Plaintiff.  Defendants' Motion to Dismiss Plaintiff's sixth cause of action against Tedford is therefore GRANTED with leave to amend.

Defendants' similarly move to dismiss Plaintiff's claim of battery against Officer Cuneo pursuant to the immunity set forth in California Government Code section 845.8, which states that "[n]either a public entity nor a public employee is liable for: . . . [a]ny injury caused by: . . . [a] person resisting arrest."  However, California courts have interpreted section 845.8 as only granting officers immunity from suit where injury results to a third party or to the suspect due to self-inflicted injury.  See also Ladd v. County of San Mateo, 12 Cal. 4th 913, 918-19 (1996); Kisbey v. California, 36 Cal. 3d 415, 418-19 (1984).  While immunity generally will apply to officers, immunity does not extend to liability for injuries to a person caused by the officer's use of excessive force.  See Moor v. Alameda County, 411 U.S. 693, 724 (1973) (Douglas, J., dissenting); Larson v. City of Oakland, 17 Cal. App. 3d 91, 95-98 (1971); Scruggs v. Haynes, 252 Cal. App. 2d 256, 262-68 (1967); Ne Casek v. City of Los Angeles, 233 Cal. App. 2d 131, 136-38 (1965).  Defendants' argument is thus rejected, and Defendant's Motion is DENIED as to Officer Cuneo.

///
///

9

### 8. Negligence against Officers Cuneo and Tedford (Seventh Cause of Action)

Defendants attack Plaintiff's Seventh Cause of Action as being barred under California Civil Code section 3333.3. Pursuant to that statute, "In any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." Cal. Civ. Code § 3333.3. Convicted felons may nonetheless still recover for "some injuries, such as those incurred while committing or fleeing a crime—for instance those resulting from the use of 'excessive force' during an arrest" because such action is due to an intentional tort. Espinosa v. Kirkwood, 185 Cal. App. 4th 1269, 1273 (2010); see also Jenkins v. County of Los Angeles, 74 Cal. App. 4th 524, 530 (1999) (finding § 3333.3 precludes recovery of damages in any action based on negligence, yet does not apply to intentional torts). Accordingly, Plaintiff's instant cause of action, which is based on negligence and not an intentional tort, fails pursuant to section 3333.3.[5] Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action is therefore GRANTED with leave to amend.

### 9. Intentional Infliction of Emotional Distress against Officers Cuneo and Tedford (Eighth Cause of Action)

Defendants next contend that Plaintiff's Eighth Cause of Action for Intentional Infliction of Emotion Distress ("IIED") should be dismissed because Tedford and Cuneo are immune to these claims, or, in the alternative, Plaintiff has failed to allege facts sufficient to state a claim for IIED.

The elements for an IIED claim are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

---

[5] To the extent Plaintiff argues Cuneo acted intentionally, that is not a negligence claim.

10

defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). A defendant's conduct is only found to be "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community . . . [a]nd the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." Id. at 1050-51 (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993)).

Plaintiff's Complaint alleges that Defendants Tedford and Cuneo acted with intent to inflict injury, and Defendant Tedford "ratified" Defendant Cuneo's actions by his "presence." ECF No. 1 at 22. However, Plaintiff has failed to allege the requisite extreme or outrageous conduct. According to Plaintiff's complaint, Officer Cuneo shot him in defense of Officer Tedford, who, as alleged, was merely present and had no opportunity to stop the shooting. Because Plaintiff's Complaint alleges no outrageous conduct, Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action is GRANTED with leave to amend.

### 10.  Negligent hiring, supervision, and retention, against Sheriff Jones (Ninth Cause of Action)

Finally, Defendants move to dismiss Plaintiff's Ninth Cause of Action as to Sheriff Jones in his individual capacity for negligent hiring, supervision, and retention because Plaintiff did not allege that a duty existed between Defendant Jones and Plaintiff, or, in the alternative, because the Complaint does not contain sufficient facts showing Defendant Jones made any hiring decisions with respect to Defendants Tedford or Cuneo. "Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability." C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 877 (2012). Defendants are correct, and Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action is GRANTED with leave to amend as to Sheriff Jones in his individual capacity.

///

## B. Entity Defendants' Motion to Dismiss

Defendants County, Sacramento Sheriff's Department, and Sheriff Jones in his official capacity contend that all claims against them should be dismissed.

### 1. Claims against the Sheriff's Department

Defendants contend that all claims against the Sheriff's Department are improperly pled because the Sheriff's Department is not a "person" for purposes of §§ 1983 and 1985 and cannot be held liable under California Government Code section 940.4. Defendants also argue that, since the County is also a named defendant, the claims against the Sheriff's Department are unnecessary and duplicative. Defendants' Motion is unopposed and is thus GRANTED with leave to amend.

### 2. Claims against the Sheriff in his official capacity

Plaintiff's claims against the Sheriff in his official capacity fail because "[a] suit . . . against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir. 2001). The claims against the Sheriff in his official capacity are thus duplicative of the claims against the County. Accordingly, Defendants' Motion to Dismiss the claims against Defendant Jones in his official capacity is GRANTED with leave to amend.

### 3. Claims against the County

To the extent Plaintiffs' claims against the individual Defendants were dismissed above, they also fail as alleged against the County. Plaintiff's remaining claims arise under 42 U.S.C. §§ 1983 and 1985, the Bane Act, Ralph Act, and state common law. For the following reasons, the bulk of these causes of action are dismissed as well.

#### a. Violations of §§ 1983 and 1985 (Second and Third Causes of Action)

Defendants first move to dismiss Plaintiff's federal claims because Plaintiff has failed to allege sufficient facts to establish Monell liability under § 1983 or to state a claim of conspiracy under § 1985. Defendants' motion is well taken. Plaintiff does not oppose County's contention that Plaintiff's Complaint fails to establish the existence of a

conspiracy against him.  Specifically, Plaintiff's Complaint does not present any facts indicating that the County conspired with anyone to either shoot Plaintiff or to cover up such a shooting.

In addition, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [§] 1983 on a respondeat superior theory." Monell, 436 U.S. at 694 (a local government may be held liable under § 1983 only for constitutional injuries inflicted by edicts or acts that may be fairly said to represent official policy or custom).  Municipalities can be sued under § 1983 only when a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693.  Plaintiff's cause of action under Monell is deficient because he fails to set forth the existence of a policy or custom that operated to violate Plaintiff's constitutional rights.  Thus, Defendants' Motion to Dismiss Plaintiff's federal claims against the County is GRANTED with leave to amend.

### b. Bane and Ralph Act violations (Fourth and Fifth Causes of Action)

As already discussed above, Plaintiff's claims under California Civil Codes sections 52.1 and 51.7 fail because Plaintiff fails to plead coercion, as necessary to substantiate a Bane Act claim, or the racial animus necessary to support a claim under the Ralph Act.  See Bender, 217 Cal. App. 4th at 979 (finding a violation of the Bane Act must include a "showing of coercion separate and apart from the coercion inherent in an unlawful arrest"); Austin B., 149 Cal. App. 4th at 880-81 (finding that a Ralph Act claim must show the harm caused by the defendant was due to motivation based on racial animus.)  Therefore, Defendants' Motion to Dismiss Plaintiff's fourth and fifth cause of action against the County is GRANTED with leave to amend.

///

///

### c. Battery (Sixth Cause of Action)

It is not entirely clear to the Court whether the County moves to dismiss the battery claim alleged against it. However, to the extent Plaintiff's battery claim survives against Defendant Cuneo, it also survives as to Defendant County. See Garcia v. City of Merced, 637 F. Supp. 2d 731, 749 (E.D. Cal. 2008) (Public entities are liable for battery where employees are not immune to such claims). Accordingly, any Motion to Dismiss this claim is DENIED.

### d. Negligent hiring, supervision, and retention (Ninth Cause of Action)

Finally, Defendants state that Plaintiff's Ninth Cause of Action fails to state a claim for negligent hiring, supervision, and retention because a public entity cannot be liable except as provided by California statute. See Cal. Gov. Code § 815(a) ("A public entity is not liable for an injury, [e]xcept as otherwise provided by statute."). Where a pleading does not "identify a statute creating liability" for a public entity, claims against that public entity "must be dismissed with leave to amend." D.K. ex rel. G.M. v. Solano Cnty. Office of Educ., 667 F. Supp. 2d 1184, 1198 (E.D. Cal. 2009) (citing Searcy, 177 Cal. App. 3d at 802). Such is the case here, and Defendants' motion is thus GRANTED with leave to amend.

## CONCLUSION

As set forth above, Defendants' Motions to Dismiss (ECF No. 6, ECF No. 8) are GRANTED with leave to amend in part and DENIED in part. Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is filed within twenty

///
///
///
///

(20) days of the date of this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

    IT IS SO ORDERED.

Dated: March 11, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT